UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLICENIA C. LOGAN                                                                                     PLAINTIFF

v.                                          No. 2:20-CV-02088

THE BANK OF NEW YORK MELLON
CORP, et al.                                                                                           DEFENDANTS

**OPINION AND ORDER**

On May 29, 2020, Plaintiff Glicenia Logan filed her complaint[1] naming 85 defendants. The deadline for service was August 27, 2020, and that deadline has passed. Separate Defendants Mackie Wolf Zientz, J.P. Sellers, Leslie Rutledge, The Van Guard Group, Inc., Dimensional Fund Advisors, LP, U.S. Small Cap Value Portfolio of DFA, Macquarie Investment Management B, First Eagle Holdings, Inc., First Eagle Investment Management, LLC, T. Rowe Price Associates, Inc., and BlackRock, Inc. ("Appearing Defendants") have filed separate motions to dismiss (Docs. 7, 10, 13, 15, 18, 20, 23, 30). Plaintiff has filed a motion for default judgment (Doc. 40) and an amended motion for default judgment (Doc. 41).

Plaintiff filed a pro se complaint for civil rights violations on May 29, 2020. Plaintiff claims she is bringing a *Bivens* claim against federal officials and a § 1983 claim against state officials. The § 1983 claim alleges the defendants violated "U.S. Code Title 42 of The Public Health and Welfare 1983, US CODE 2010 Title 42 U.S.C. 1983 Civil Action for deprivation of Rights, 42 U.S. Code 12188 Enforcement US Law and other code that [Plaintiff falls] [u]nder.

---

[1] Plaintiff has filed two other actions in this Court, which appear to be somewhat factually related to the instant case but name different defendants. In September 2019, Plaintiff filed her first complaint against several defendants (Case No. 2:19-CV-02116) which was dismissed with prejudice on January 8, 2020. Plaintiff filed a notice of appeal. On August 17, 2020, Plaintiff filed another complaint, again naming several defendants and alleging a *Bivens* claim and a § 1983 claim (Case No. 2:20-CV-02142).

1

Ethnicity, Nationality, Origin, Color, Gender, Race, Disability, along with other factors." (Doc. 1, p. 3). Regarding the § 1983 action, Plaintiff asserts that the defendants acted under color of state law pursuant to 42 U.S.C. § 1983 because Defendants have violated the following rights:

> fundamental rights to maintain free of debt, freedom to speak [and] address any problem that relate[s] to [Plaintiff's] family, free from mail and other harassment, freedom from retaliation, violation of [Plaintiff's] constitutional rights to build, depriving [Plaintiff] of equal treatment, violating [Plaintiff's] individual, color discrimination, depriving {Plaintiff} of economic wealth, illegally placing [Defendant's] corporation name on [Plaintiff's] property, differential treatment of [Plaintiff's] culture, gender embarrassment, work deviation, etc.

(Doc. 1, p. 4). The complaint makes no factual allegation giving rise to Plaintiff's *Bivens* claim or explaining what rights were violated by federal officials. Defendant The Bank of New York Mellon ("the Bank") is allegedly listed as a grantee on the deed to Plaintiff's home and Plaintiff sent an "Assist and Demand Letter" to the Bank demanding the Bank's name be taken off the deed. Plaintiff claims she purchased her home with her spouse in 2003 and they did not owe anything on the home. Since her husband passed away, Plaintiff alleges the Bank has "harass[ed], retaliated [against], abuse[d], discriminate[d]" her by placing its name on her deed. Despite sending the demand letter, Plaintiff alleges the Bank has not removed its name from the deed.

Plaintiff claims the defendants' actions have not allowed her to grieve the death of her spouse or work on her property and have resulted in the deterioration of her health. Plaintiff requests the Attorney General for the State of Arkansas take criminal action against the defendants who violated her constitutional rights, specifically the Bank's alleged violation of placing its name on Plaintiff's deed. Plaintiff further seeks at least fifteen million dollars for the alleged violations and an order requiring defendants to attend a class led by Plaintiff which will educate defendants and "help them from any more lawsuits . . . ." (Doc. 1, p. 5).

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the

non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

"*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence" in support of a plaintiff's claim, the Court should deny a motion to dismiss. *Twombly*, 550 U.S. at 556.

Although filed as separate motions, Appearing Defendants' motions to dismiss all argue Plaintiff has not stated a claim upon which relief can be granted. The only defendant Plaintiff makes any factual allegations about is the Bank of New York Mellon. Plaintiff's complaint asserts § 1983 and *Bivens* claims against all defendants but the complaint does not include any factual basis for these claims. Even giving the complaint the broad construction that it is due, the few facts Plaintiff does plead fail to support a reasonable inference that any of the Appearing Defendants are liable for misconduct. Appearing Defendants' motions to dismiss will be granted.

"[A] sua sponte dismissal without prior notice under 12(b)(6) is authorized only 'when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint.'"

*Murphy v. Lancaster*, 960 F.2d 746, 748 (8th Cir. 1992) (citing *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991)). Here, several defendants filed motions to dismiss and Plaintiff is therefore on notice of the alleged deficiencies in the complaint. However, there are several defendants that have either not filed a responsive pleading or were not served with a summons. Despite Plaintiff having notice of the deficiencies in her complaint, the Court will dismiss Plaintiff's claims against the remaining defendants on its own motion upon a finding that it is patently obvious Plaintiff cannot prevail based on the facts alleged.

The Court has carefully reviewed the complaint and the few facts Plaintiff has alleged. Plaintiff alleges the Bank of New York Mellon's name is on the deed to her house and by placing its name on the deed, the Bank has violated her rights. The Court assumes from Plaintiff's sparse factual allegations that Plaintiff's house has likely been foreclosed upon and the Bank has an interest in the property, however the factual allegations in the complaint are few. Further, Plaintiff's alleged injuries are the inability to grieve for her deceased spouse and work on her property, but she claims she cannot place a cost on these injuries until the Bank's name is removed from the deed. The relief Plaintiff requests is for the Attorney General to take criminal action against the defendants, award Plaintiff fifteen million dollars, and for the defendants to be required to attend a class led by Plaintiff. The Bank of New York Mellon is not a state or federal official. Drawing all inferences in favor of Plaintiff, these facts do not support a § 1983 claim or a *Bivens* claim and it is patently obvious Plaintiff could not prevail based on the facts alleged. Nor could the Court direct the Attorney General of the State of Arkansas to initiate criminal action. Plaintiff's complaint against the remaining defendants will be dismissed with prejudice.

IT IS THEREFORE ORDERED that Appearing Defendants' motions (Docs. 7, 10, 13, 15, 18, 20, 23, 30) to dismiss for failure to state a claim are GRANTED and the claims against

Appearing Defendants are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the remainder of Plaintiff's claims are DISMISSED WITH PREJUDICE against all defendants. Judgment will be entered separately.

IT IS FURTHER ORDERED that Plaintiff's motion for default judgment (Doc. 40) and amended motion for default judgment (Doc. 41) are DENIED AS MOOT.

IT IS SO ORDERED this 31st day of August, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE